

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

CYBER FINANCIAL NETWORK,

        Plaintiff,

-against-                               **OPINION AND ORDER**
                                                03-CV-6062 (SJF) (WDW)

LENDINGTREE INC.,

        Defendant.
---------------------------------------------------------------X

FEUERSTEIN, J.

I.    Introduction

Plaintiff Cyber Financial Network ("Plaintiff" or "CFN") moves for vacatur of this Court's judgment of dismissal dated May 10, 2004. For the reasons set forth below, the motion is denied as untimely.

II.    Procedural History

On December 22, 2003, CFN commenced an action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 (2000), seeking a declaration of non-infringement of defendant LendingTree's ("Defendant" or "LendingTree") U.S. Patent 6,611,812 B2. LendingTree moved to dismiss CFN's action claiming no subject matter jurisdiction based on the lack of a justiciable controversy. On May 10, 2004, the Court granted LendingTree's motion to dismiss because the communications between the parties prior to CFN's filing of the lawsuit did not give rise to a reasonable apprehension on the part of CFN that LendingTree was about to file a patent

1

infringement action. See Cyber Financial Network, Inc. v. Lendingtree, Inc., No. 03-CIV-6062, 2004 WL 1293929 (E.D.N.Y. May 10, 2004). Therefore, "CFN had not established by a preponderance of the evidence that it had an objectively reasonable apprehension of suit, and therefore a justiciable controversy [did] not exist." Id. at *4. A final judgment dismissing the case was entered on May 17, 2004.

On September 9, 2005, LendingTree commenced a patent infringement action against CFN in the Western District of North Carolina. On November 23, 2005, CFN moved to dismiss LendingTree's patent infringement action or, in the alternative, to stay or transfer it to this Court. In its brief, CFN represented to District Judge Graham C. Mullen that "[a]t or about the time of filing the instant motion [to dismiss], it is the intention of CFN to also file a motion in the U.S. District Court for the Eastern District of New York pursuant to Fed. R. Civ. P. 60(b) seeking to vacate the Order of dismissal and allow the New York Action to proceed . . . ." See Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint at 21. CFN's motion to dismiss was fully briefed and submitted to Judge Mullen on or about December 27, 2005.

On April 10, 1006, Judge Mullen issued an Order in which he wrote, *inter alia*:

> It appears to this Court that a reopening of the New York case could substantially affect the outcome of Defendant's motion. However, despite the passage of nearly five months and some prodding by the Court, Defendant appears to have not yet filed its motion in New York. Defendant must do so now, or this action must be allowed to proceed in an expeditious manner.

LendingTree v. Cyber Financial Network, No. 05-CV-308, slip op. at 1 (W.D.N.C. April 10, 2006). Judge Mullen ordered CFN to file its motion to reopen within thirty (30) days from the

date of his Order or inform the court of its intent not to file such a motion. Id. Judge Mullen further stated that if CFN did not timely file its motion, he would decide the motion to dismiss on the merits. Id. at 2. CFN filed the motion to vacate on May 10, 2006, claiming that LendingTree misled this Court in its motion to dismiss the declaratory judgment action because its true intentions were always to sue CFN for patent infringement.

III. Analysis

Federal Rule of Civil Procedure 60(b) sets forth the grounds on which a court may grant relief from a final judgment or order. It provides in pertinent part that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifying relief from the operation of the judgment.

The Rule requires that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Rule 60(b) "preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time." House v. Sec'y of Health & Human Servs., 688 F.2d 7, 9 (2d Cir. 1982). Although Rule 60(b) "should be broadly construed to do 'substantial justice,' . . . final judgments should not be lightly reopened." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citation omitted).

Motions made pursuant to Rule 60(b) are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."

3

Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990) (citing Nemaizer, 793 F.2d at 61). See United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994) (relief under Rule 60(b) may be granted only in "extraordinary circumstances"). The Second Circuit requires that a Rule 60(b) motion be supported by evidence that is highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship result to the other parties. See Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir.1987).

    A.    Mutual Exclusivity of Rule 60(b) Clauses

Plaintiff brings its motion under Rule 60(b)(6). Clauses (1) through (5) and clause (6) of Rule 60 are mutually exclusive and "if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule (60)(b), such reasons will not justify relief under Rule 60(b)(6)." United States v. International Brotherhood of Teamsters, 247 F.3d 370, 391-92 (2d Cir. 2001) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988)). "If clause (6) were not mutually exclusive of the other clauses, a party's artful motion practice could render meaningless the one-year time limitation on clauses (1), (2), (3)." Freedom, N.Y., Inc. v. U.S., 438 F. Supp. 2d 457, 464 (S.D.N.Y. 2006). A party "cannot circumvent the one year limitation [applicable to clauses (1), (2), and (3) ] by invoking the residual clause (6) of Rule 60(b)." Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 702 (2d Cir. 1972). See also Kingvision Pay-Per-View Ltd. v. La Aroma Del Cafe, Inc., No. 03-CV-796, 2006 WL 842398, at *2 (E.D.N.Y. Mar. 27, 2006) ("[J]ustifications cannot be recharacterized merely to avoid the one year time limit . . ."); Greenberg v. Chrust, No. 01 Civ. 10080, 2004 WL 585823, at *3 n. 6 (S.D.N.Y. Mar. 25, 2004) ("A party may not depend on the broad 'any other reason' provision of Rule 60(b)(6) where the basis for the Rule 60(b) motion may be construed

under any other clause of Rule 60(b).").

Plaintiff's claim is properly characterized as a claim for misrepresentation of an adverse party under Rule 60(b)(3), rather than as a claim under the general residual provision of Rule 60(b)(6). Plaintiff claims misrepresentation by Defendant. In a Rule 60(b)(3) motion the moving party must demonstrate by clear and convincing evidence that the adverse party engaged in fraud, misrepresentation, or other misconduct. See Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). In addition, the moving party must show that this conduct prevented the movant from fully and fairly presenting its case. See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004). A Rule 60(b)(3) motion cannot serve as an attempt to relitigate the merits of a previously determined motion. See Fleming, 865 F.2d at 484.

A review of Plaintiff's "Memorandum of Law in Support of Plaintiff's Motion to Vacate the Judgment" ("Pl. Memo") and "Reply Memorandum of Law in Further Support of Plaintiff's Motion to Vacate the Judgment" ("Pl. Reply Memo") supports the conclusion that Plaintiff's appropriate basis for relief is Rule 60(b)(3). In these memoranda, Plaintiff asserts the following:

> The Court presumably reached its conclusion based on the representations of LendingTree that it did not expressly accuse CFN of infringing the '816 Patent nor did it threaten to sue CFN for infringing the '816 Patent. Pl. Memo at 7.

> Had LendingTree been forthright to the Court of its true intentions, this Court would have properly exercised subject matter jurisdiction in this case and LendingTree would have been required to file its patent infringement action against CFN as a compulsory counterclaim to CFN's declaratory judgment action and the merits of both claims would have been determined in this Court in due course. Pl. Memo at 8-9.

> By commencing the North Carolina action for patent infringement, LendingTree admits the existence of an actual case of [sic] controversy between it and CFN regarding CFN's

5

business and Website as they relate to the '816 patent. Pl. Memo at 10.

By commencing the North Carolina Action in September 2005 (and alleging the existence of a justiciable controversy), LendingTree confirms that its true intentions were, in fact, to sue CFN for patent infringement and that its representations to this Court to the contrary were merely a pretense to obtain a dismissal of this action. Pl. Reply Memo at 4-5.

If LendingTree had been forthright about its true intentions, the instant declaratory judgment action would not have been dismissed for lack of subject matter jurisdiction. Pl. Reply Memo at 8.

However, but for LendingTree's representations to this Court that it did not intend to sue or threaten to sue CFN for patent infringement, this Court would have retained jurisdiction of this case . . . .. Pl. Reply Memo at 13.

Plaintiff essentially claims that Defendant misrepresented its intentions not to file a patent infringement suit in its motion to dismiss the declaratory judgment action and that this misrepresentation prevented Plaintiff from fully and fairly presenting its case on the merits. Therefore, Plaintiff has asked for relief under Rule 60(b)(3), but improperly characterized its motion as a motion under Rule 60(b)(6).

A motion based on a misrepresentation by an adverse party under Rule 60(b)(3) must be made within one (1) year of entry of judgment. Fed. R. Civ. P. 60(b). See Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (Rule 60(b)(3) limitations period is "absolute") (citation omitted). Plaintiff's Rule 60(b)(3) motion was filed nearly two (2) years after the entry of judgment in this case (and two (2) years to the date of this Court's original decision) and is therefore untimely.

Plaintiff contends that Rule 60(b)(3) is inapplicable to the circumstances of this case because it could not have known of Defendant's misrepresentation until the North Carolina action was commenced sixteen (16) months after the entry of judgment. Pl. Reply Memo at 5.

Therefore, Plaintiff contends that relief under Rule 60(b)(6) is proper. Id.

This argument is very similar to the argument in <u>Freedom, N.Y., Inc. v. U.S.</u>, 438 F. Supp. 2d 457 (S.D.N.Y. 2006). In <u>Freedom</u> the plaintiff argued "that Rule 60(b)(6) is the proper vehicle for bringing a motion based on newly discovered evidence or fraud that does not come to light until after the one-year restriction on the other clauses has run." Id. at 465. The plaintiff also asserted "that if the one-year restriction applied to evidence and fraud that a party did not know existed until more than a year had passed, 'any person committing a fraud or perjury or hiding documents would have free reign after one year.' In other words, the Rule would reward those perjurers most adept at covering their tracks." Id. (internal citation omitted).

These arguments were rejected as "unconvincing." Id. First, the plaintiff provided no case law to support its contention. Id. Second, the plain language of clauses (2) and (3) of Rule 60 creates no exception for evidence or fraud discovered more than one (1) year after judgment. Id. Third, the plaintiff overstated the alleged effect of Rule 60 after the statutory period of limitation. Id. "The Rule 'does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, . . . or to set aside a judgment for fraud upon the court.'" Id. (citing Fed. R. Civ. P. 60(b)). The Court agrees with this reasoning and rejects Plaintiff's attempt to characterize its motion as one for relief under Rule 60(b)(6). Plaintiff's Rule 60(b)(3) motion is therefore denied as untimely.

B.   Rule 60(b)(6)

Assuming *arguendo* that Plaintiff's claim was properly characterized as a Rule 60(b)(6) motion, the claim would still fail. Rule 60(b)(6) relief is available only under "extraordinary

circumstances" or "extreme hardship." Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004). Plaintiff has not demonstrated any "extraordinary circumstances" or "extreme hardship." A denial of Plaintiff's motion will not leave Plaintiff without a remedy since its interests will be protected in the litigation currently pending in the Western District of North Carolina. Plaintiff is free to assert counterclaims and defenses of non-infringement and/or the invalidity of the patent at issue. See Le Blanc v. Cleveland, 248 F.3d 95, 101 (2d Cir. 2001) (extraordinary circumstance under Rule 60(b)(6) may be demonstrated where a plaintiff would be left without a remedy if the order were not reconsidered).

Further, there is nothing extraordinary about this case. Plaintiff opted to file an action for a declaratory judgment in this Court. "Rule 60 will not afford plaintiff relief from the consequences of its litigation strategy." Romania v. Wildenstein & Co., 147 F.R.D. 62, 65 (S.D.N.Y. 1993) (citation omitted). A "[m]ovant's interest in undoing the results of a litigation strategy which, in hindsight, appears unwise fails to outweigh the judiciary's interest in the finality of judgments." Id. (quotation and citation omitted).

Finally, while it might be more convenient and cost-effective for Plaintiff to litigate a patent infringement action in the Eastern District of New York, Plaintiff has not demonstrated that it would be an "extreme hardship" for it to defend the action currently pending in the Western District of North Carolina.

IV. Conclusion

For the reasons stated above, Plaintiff's motion for vacatur is DENIED.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: February 22, 2007
Central Islip, New York

Copies:

Scott B. Fisher
Jaspan, Schlesinger & Hoffman, LLP
300 Garden City Plaza
Garden City, NY 11530

Frederick J. Dorchak
Collard & Roe, P.C.
1077 Northern Boulevard
Roslyn, NY 11576

Holmes J. Hawkins
Law Offices of King & Spalding LLP
191 Peachtree Street
Atlanta, GA 30303

The Honorable Graham C. Mullen
U.S. District Court, Western District of North Carolina
230 Charles R. Jonas Federal Bldg
401 West Trade Street
Charlotte, NC 28202